FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. ★ JUL 0 2 2012 ★ BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
AZAHAR HAQUE,

                Plaintiff,          **COMPLAINT**

  - against -                         **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, P.O. "JOHN DOE" #1,   **ECF CASE**
P.O. "JOHN DOE" #2-6, Individually and in their official
capacities (the name John Doe being fictitious as the true
names are presently unknown),

                Defendant.
-----------------------------------------------------------------x

CV 12 - 3285

DEARIE, J.

BLOOM, M.J.

    Plaintiffs, AZAHAR HAQUE, by his attorneys, FISHKIN & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, AZAHAR HAQUE, is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. "JOHN DOE" #1 and P.O. "JOHN DOE" #2-6, were duly sworn police officers of THE CITY OF NEW YORK Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, CITY OF NEW YORK.

## FACTS

13. On or about May 20, 2010, Plaintiff's wife complained to Police that the Plaintiff sent her an email in violation of the Order of Protection that was issued on or about January 20, 2010.

14. P.O. "JOHN DOE" #1 placed the Plaintiff under arrest for violating the Order of Protection that was issued on or about January 20, 2010.

15. However, by operation of law, the Order of Protection issued on or about January 20, 2010 ceased to have any legal effect and was unenforceable as a result of the dismissal of criminal charges that occurred on April 20, 2010.

16. The Plaintiff informed P.O. "JOHN DOE" #1 that the underlying criminal charge was dismissed on April 20, 2010 and, for that reason, the Order of Protection was invalid and unenforceable.

17. P.O. "JOHN DOE" #1 informed the Plaintiff that the "case is still active at the NYPD computer system" and that P.O. "JOHN DOE" #1 was going to proceed with the arrest.

18. Plaintiff produced a physical copy of the Certificate of Disposition demonstrating that the underlying criminal charge, which supported the Order of Protection, was dismissed on April 20, 2010. **(See Exhibit A).** The Certificate of Disposition was shown to P.O. "JOHN DOE" #1. Therefore, P.O. "JOHN DOE" #1 was provided evidence that the Order of Protection was invalid and that the Plaintiff could not be legally arrested for violating the Order of Protection.

19. Plaintiff's criminal defense attorney, Mr. Tejinder Singh Bains, arrived at the Police Precinct and spoke with P.O. "JOHN DOE" #1. During the conversation, Mr. Bains informed P.O. "JOHN DOE" #1 that Mr. Bains represented the Plaintiff in the underlying criminal case

and that the underlying criminal case was dismissed on April 20, 2010. Mr. Bains clearly informed P.O. "JOHN DOE" #1 that the Order of Protection was invalid. Mr. Bains also informed P.O. "JOHN DOE" #1 that P.O. "JOHN DOE" #1 could consult the Assistant District Attorney to confirm that the Order of Protection is invalid, and Mr. Bains provided the officer with the name of the Assistant District Attorney.

20. P.O. "JOHN DOE" #1 stated "I hear what you are saying, but it's in the system".

21. P.O. "JOHN DOE" #1 also stated, "I don't trust you" to the Plaintiff.

22. P.O. "JOHN DOE" #1 placed the Plaintiff under arrest and took him into custody.

23. Mr. Bains continuously called the Assistant District Attorney and spoke with him at least 3-4 times.

24. Upon information and belief, the source of which is information provided by Mr. Bains, the Assistant District Attorney spoke with P.O. "JOHN DOE" #1 after Plaintiff was arrested and placed in custody.

25. The Assistant District Attorney informed Mr. Bains, "you are right, but the Police Officer is looking at it more."

26. P.O. "JOHN DOE" #1 disregarded the physical evidence of the Certificate of Disposition related to the underlying criminal case.

27. P.O. "JOHN DOE" #1 disregarded information from the Assistant District Attorney that the Order of Protection is invalid.

28. P.O. "JOHN DOE" #1 took the Plaintiff into custody without any basis to conclude Plaintiff committed any crime, and without any probable cause.

29. Upon information and belief, the source of which is Plaintiff's counsel's understanding of normal police procedure, P.O. "JOHN DOE" #1 prepared paperwork, "booked"

the Plaintiff, and consulted and conference with other Police Officers. Those other Police Officers, hereby referenced as P.O. "JOHN DOE" # 2-6, knew or should have known that P.O. "JOHN DOE" #1, arrested the Plaintiff without probable cause and they failed to intervene to prevent the arrest and/or continued detention of the Plaintiff.

30. The Plaintiff was held in custody for over 24 hours.

31. Any and all charges that were brought against the Plaintiff were dismissed and Plaintiff was released from custody on May 21, 2012, prior to Criminal Court arraignment. **(See Exhibit B).**

32. As a result of the foregoing, plaintiff sustained, inter alia, pain, suffering, physical injury, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, loss of enjoyment and use of his residence, loss of property, loss of use and enjoyment of his property, incurred monetary costs, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

35. All of the aforementioned acts deprived plaintiff AZAHAR HAQUE of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

38. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. As a result of defendants' aforementioned conduct, plaintiff AZAHAR HAQUE was subjected to an illegal, improper and unlawful seizure of their person without any probable cause, privilege, or consent.

41. That the seizure of the plaintiff was objectively unreasonable and in violation of the plaintiff's constitutional rights.

42. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental

anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

### THIRD CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C § 1983

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. As a result of defendants' aforementioned conduct, plaintiff AZAHAR HAQUE and was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

45. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of AZAHAR HAQUE's constitutional rights.

46. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants were directly and actively involved in the initiation of criminal proceedings against AZAHAR HAQUE.

49. Defendants lacked probable cause to initiate criminal proceedings against AZAHAR HAQUE.

50. Defendants acted with malice in initiating criminal proceedings against AZAHAR HAQUE.

51. Defendants were directly and actively involved in the continuation of criminal proceedings against AZAHAR HAQUE.

52. Defendants lacked probable cause to continue criminal proceedings against AZAHAR HAQUE.

53. Defendants acted with malice in continuing criminal proceedings against AZAHAR HAQUE.

54. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in AZAHAR HAQUE's favor when all criminal charges against him were dismissed.

55. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants issued legal process to detain the plaintiff and subject him to an unlawful seizure of his person, to an illegal and unlawful arrest, and to unlawfully subject his

property to a search and seizure.

58. Defendants actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

59. Defendants acted with intent to do harm to AZAHAR HAQUE without excuse or justification.

60. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

## SIXTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE UNDER 42 U.S.C § 1983

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Defendants P.O. "JOHN DOE" #2-6, were at all times mentioned herein were acting under color of state law.

63. Defendants had a duty to intervene and prevent the false arrest and malicious prosecution of the plaintiff.

64. P.O. "JOHN DOE" # 2-6, were in a position to prevent the false arrest and malicious prosecution of the plaintiff, and failed to intervene to prevent said arrest and malicious prosecution. The failure of each of the Defendants, to intervene resulted in the unjustified arrest of plaintiff by and deprived plaintiff of his right to be secure in his person against unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United

States.

65. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendants including THE CITY OF NEW YORK, P.O. "JOHN DOE" #1, and P.O. "JOHN DOE" #2-6, subjected the Plaintiff to violations of his federally protected civil rights, including a False Arrest and Malicious prosecution.

68. The acts complained of were carried out by the aforementioned defendant police officers in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

69. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the THE CITY OF NEW YORK, all under the supervision of ranking officers of said department.

70. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK, include but are not limited to the following unconstitutional practices:

    (a) Subjecting persons to violations of their constitutionally protected rights.
    (b) Ignoring and/or failing to investigate when evidence is available proving innocence or demonstrating that there is a lack of probable cause to arrest.
    (c) Failing to properly train police officers.
    (d) Failing to properly supervise police officers.

71. The existence of the aforesaid unconstitutional customs and policies may be inferred from the failure of THE CITY OF NEW YORK, to provide proper training to police officers regarding various protected constitutional rights.

72. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK constituted a deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

73. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

74. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights.

## DAMAGES AND RELIEF REQUESTED

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. All of the foregoing acts by defendants deprived AZAHAR HAQUE of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

D. To receive equal protection under the law.

77. By reason of the aforesaid conduct by defendants, plaintiff AZAHAR HAQUE is entitled to the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff AZAHAR HAQUE demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated: New York, NY
June 15, 2012

By: _____
BRYAN KONOSKI (BK7563)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832

**EXHIBIT A**

```
CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS                                CERTIFICATE OF DISPOSITION
                                                     NUMBER:    98928
THE PEOPLE OF THE STATE OF NEW YORK
               VS
```

| | |
|---|---|
| HAQUE, AZAHAR | 12/08/1976 |
| Defendant | Date of Birth |
| 85-30 167 STREET | 7913773P |
| Address | NYSID Number |
| JAMAICA           NY | 01/19/2010 |
| City         State    Zip | Date of Arrest/Issue |

Docket Number: 2010QN003925          Summons No:

240.30 215.50 240.30 240.30 240.26
Arraignment Charges

Case Disposition Information:

| Date | Court Action | Judge | Part |
|---|---|---|---|
| 04/20/2010 | DISM - SPEEDY TRIAL PROVISIONS | RACITI, R | AP4 |

**SEALED**

pursuant to Section 160.50 of the CPL.

I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN THIS COURT.

BLAIR, L                *J Blair*                      09/17/2010
COURT OFFICIAL SIGNATURE AND SEAL         DATE         FEE: 10.00

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
         SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

**EXHIBIT B**

District Attorney Queens County
125-01 Queens Boulevard
Kew Gardens, New York 1415-1568
(718) 286-6000



May 21, 2010

RICHARD A. BROWN
DISTRICT ATTORNEY

AZAHAR M HAQUE

Dear Mr. Haque

Please be advised that a review of the records of the Queens County District Attorney's Office indicates that your arrest under arrest number: Q10630897, arrest date: 5/20/2010, was dismissed by this Office prior to Criminal Court arraignment.

This serves as a final disposition of this arrest number.

A sealing order has been or will be filed by this Office with the Division of Criminal Justice Services (DCJS) and the New York City Police Department.

You should contact DCJS to confirm that this record has been sealed by contacting:

> The New York State Division of Criminal Justice Services
> 4 Tower Place
> Albany, New York 12203
> Attention: Sealing Unit

Very truly yours,

MANDELL, JOSHUA